# CDJ

$350

**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik
Arizona Bar No. 026082
California Bar No. 242728
*Eastern District of PA Pro Hac Vice Applicant*
pksesq@aol.com
Attorney for Plaintiffs



F I L E D

APR 17 2009

By _____
Dep. Clerk

### IN THE UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF PENNSYLVANIA

CONSUMER PROTECTION
CORPORATION, an Arizona Corporation;
PETER STROJNIK, P.C., an Arizona
Corporation; DAVID M. DEPINTO, an
individual,

Plaintiffs,

vs.

DIGITALSPEED COMMUNICATIONS,
INC., a Pennsylvania Corporation; ADAM H.
PASTERNACK, an individual; ABC
DEFENDANTS 1-50,

Defendants.

NO. **09    1783**

**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES ARISING OUT OF TRANSMISSION OF UNSOLICITED FACSIMILES – 47 U.S.C. § 227**

**REQUEST FOR TRIAL BY JURY**

Plaintiffs, on Plaintiffs' behalf and on behalf of the Class of persons and entities defined below, allege as follows:

### PARTIES, JURISDICTION AND VENUE

1) Plaintiff Consumer Protection Corporation ("CPC") is an Arizona corporation with its principal place of business in Phoenix, Arizona. CPC is in the business of protecting consumers from fraudulent activities.

-1-

2) Plaintiff Peter Strojnik, P.C. is an Arizona corporation with its principal place of business in Phoenix, Arizona.

3) Plaintiff David M. Depinto is an individual residing in the State of Arizona.

4) Defendant Digitalspeed Communications, Inc. is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. Digitalspeed is in the business of fax transmission services and the provision of toll-free telephone numbers to fax transmission services.

5) Defendant Adam H. Pasternack is an individual residing in Villanova, Pennsylvania. Pasternack is the President and chief executive officer of Digitalspeed.

6) ABC Defendants are the persons and/or entities whose identities are unknown to Plaintiff, but did violate and/or conspired to violate the TCPA, or aided and abetted the principal violators of the TCPA, through the sending of the facsimiles at issue here.

7) This Court has personal jurisdiction over Digitalspeed by virtue of the fact that Digitalspeed is incorporated in the Commonwealth of Pennsylvania and has its principal place of business in Pennsylvania.

8) This Court has personal jurisdiction over Adam H. Pasternack by virtue of the fact that he is a resident of the Commonwealth of Pennsylvania.

9) The venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 *et seq.* because all Defendants either have their principal place of business in or reside in the Eastern U.S. District of Pennsylvania.

10) Digitalspeed and Pasternack broadcasted several million facsimiles in violation of the TCPA. Pursuant to the TCPA, these Defendants are liable in statutory damages between

the sums of $500 to $1,500 for each facsimile that violates the TCPA. These Defendants are liable for damages ranging from $1 billion to $10 billion in statutory damages for their violation of the TCPA.

11) This Court has original jurisdiction over this matter by virtue of the Class Action Fairness Act, 28 U.S.C. § 1332(d) requiring minimum diversity and the amount in controversy exceeding $5 million. Complete diversity exists between all Plaintiffs and all Defendants because Plaintiffs are residents of or incorporated in Arizona, and Defendants are residents of or incorporated in Pennsylvania.

12) This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States of America, to wit: 47 U.S.C. 227 et seq.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13) Plaintiffs reallege all allegations heretofore set forth.

14) On June 25, 2008, Strojnik PC received an unsolicited facsimile advertising for purchase the publicly traded stock of Signalife, Inc. ("Signalife Fax"). Digitalspeed and Pasternack sent the Signalife Fax to Plaintiff.

15) On August 1, 2008, CPC received an unsolicited facsimile advertising discount vacations in Florida ("Vacation Fax"). Digitalspeed and Pasternack sent the Vacation Fax to Plaintiff.

16) On June 23, 2008, CPC received an unsolicited facsimile advertising for purchase the publicly traded stock of Medefile International, Inc. ("Medefile Fax"). Digitalspeed and Pasternack sent the Medefile Fax to Plaintiff.

17) On May 20, 2008, Strojnik PC received an unsolicited facsimile advertising for purchase the publicly traded stock of Hybrid Technologies, Inc. ("Hybrid Fax"). Digitalspeed and Pasternack sent the Hybrid Fax to Plaintiff.

18) On June 4, 2008, Strojnik PC received an unsolicited facsimile advertising for purchase the publicly traded stock of Superlattice Power, Inc. ("Superlattice 1 Fax"). Digitalspeed and Pasternack sent the Superlattice 1 Fax to Plaintiff.

19) On June 16, 2008, Strojnik PC received an unsolicited facsimile advertising for purchase the publicly traded stock of Superlattice Power, Inc. ("Superlattice 2 Fax"). Digitalspeed and Pasternack sent the Superlattice 2 Fax to Plaintiff.

20) On July 10, 2008, Strojnik PC received an unsolicited facsimile advertising for purchase the publicly traded stock of Superlattice Power, Inc. ("Superlattice 3 Fax"). Digitalspeed and Pasternack sent the Superlattice 3 Fax to Plaintiff.

21) On June 10, 2008, Strojnik PC received an unsolicited facsimile advertising for purchase the publicly traded stock of Global Entertainment Acquisition Corporation ("Global Fax"). Digitalspeed and Pasternack sent the Global Fax to Plaintiff.

22) On May 28, 2008, CPC received an unsolicited facsimile advertising for purchase the publicly traded stock of Playbox (US) Inc. ("Playbox Fax"). Digitalspeed and Pasternack sent the Playbox Fax to Plaintiff.

23) On December 21, 2008, David M. Depinto received an unsolicited facsimile advertising for purchase the publicly traded stock of Coal Corporation ("Coal Fax"). Digitalspeed and Pasternack sent the Coal Fax to Plaintiff.

24) All unsolicited facsimiles noted above shall be collectively referred to herein as the "Unsolicited Faxes" and are attached hereto as Exhibit 1, and by this reference are incorporated herein.

25) No named Plaintiff herein has any business relationship or any other relationship with any named Defendant. No named Plaintiff invited any Defendant to broadcast any of the unsolicited facsimiles to them.

26) Digitalspeed is the alter ego of Defendant Pasternack in the following particulars:

    a.  Pasternack is the sole shareholder and president of Digitalspeed;

    b.  On information and belief, Digitalspeed is grossly undercapitalized to meet its financial responsibilities;

    c.  On information and belief, Digitalspeed is not solvent;

    d.  On information and belief, Pasternack siphons funds from Digitalspeed;

    e.  On information and belief, Digitalspeed is merely a façade for the operations of Pasternack in that Pasternack operates an illegal facsimile transmission service under the guise of the underfunded Digitalspeed in order to protect himself from FCC and civil liability under the TCPA.

## CLASS ACTION ALLEGATIONS

27) Plaintiffs reallege all allegations heretofore set forth.

28) This is a proposed class action lawsuit brought on behalf of Plaintiffs and on behalf of other persons and entities that received an unsolicited facsimile advertisement to their telephone facsimile machine by Defendants.

29) Plaintiffs claim and allege that Defendants' use of the telephone facsimile machine, computer, or other device used to send an unsolicited facsimile advertisement to a telephone facsimile line violates the TCPA.

30) Plaintiffs bring this action in their individual capacities as well as on behalf of a class of persons and entities similarly situated ("Proposed Class").

31) The corporate Plaintiffs operate businesses in Phoenix, Arizona, and receive and have received unsolicited faxes that cause them damages due to the loss of their paper and toner, the temporary loss of use of their facsimile machine and computer, the potential loss of business, and a violation of their right to privacy.

32) The individual Plaintiff is a resident of Arizona and receives and has received unsolicited faxes that causes him damages due to the loss of his paper and toner, the temporary loss of use of his facsimile machine and computer, the potential loss of business, and a violation of his right to privacy.

33) As a direct and proximate result of Defendants' conduct, Plaintiffs and the Proposed Class suffered damages due to the loss of paper and toner, the temporary loss of use of their facsimile machine and the potential loss of business while their facsimile machines were in use.

34) This Class Action is brought and may be maintained pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek to represent a Proposed Class comprised of:

**All persons and entities who received an unsolicited facsimile advertisement from Defendants or for which Defendants are otherwise primarily or secondarily liable at any time during the applicable statute of limitations.**

35) Plaintiffs and the Proposed Class were recipients of unsolicited facsimiles in violation of the TCPA.

36) This action is properly brought as a class action pursuant to FRCP 23, for the following reasons:

    a. Pursuant to the TCPA, a violator thereof is liable between the sums of $500 and $1,500. Defendants violated the TCPA by sending several million unsolicited facsimiles. At a cost of between $0.01 and $0.05 to send each fax, Defendants are liable under the TCPA in excess of $1 billion.

    b. The Proposed Class is so numerous that joinder of all members is impracticable.

    c. There are questions of law or fact common to the Proposed Class as follows:

        i. Whether Defendants violated the TCPA when sending the facsimiles at issue;

        ii. Whether Defendants are primarily or secondarily liable under the TCPA;

        iii. Whether the facsimiles that are the same or similar to the facsimiles at issue constitute "unsolicited advertisements" under the TCPA;

        iv. Whether Plaintiffs and the Proposed Class are entitled to damages under the TCPA;

        v. Whether Plaintiffs and the Proposed Class are entitled to treble damages under the TCPA;

        vi. Whether Plaintiffs and the Proposed Class are entitled to injunctive relief under the TCPA;

        vii. Whether Plaintiffs and the Proposed Class are entitled to declaratory relief.

d. The claims or defenses of the representative parties are typical of the claims or defenses of the Proposed Class because all members of the Proposed Class received the same facsimiles at issue.

e. The named Plaintiffs will fairly and adequately protect the interests of the Proposed Class because:

    i. Plaintiffs seek no relief that is antagonistic to the Proposed Class;

    ii. Plaintiffs have no established business relationship with any Defendant or any potential additional Defendant;

    iii. Plaintiffs shall vigorously pursue the claims of the Proposed Class;

    iv. Plaintiffs have retained counsel with sufficient experience in litigation matters who is competent in representing the interests of the Proposed Class;

    v. Plaintiffs' counsel has expended significant efforts in this matter and is learned in tracking down the sources of unsolicited facsimiles.

f. A Rule 23 Class Action is superior to any other available means for the adjudication of this controversy in the following particulars:

    i. This action will cause an orderly and expeditious administration of the Proposed Class's claims

    ii. The economies of time, effort and expense will be fostered;

    iii. Uniformity of decisions will be ensured at the lowest costs and with the least expenditures of judicial resources.

g.  Because of the size of the Proposed Class, the expense and burden of individual litigation makes it impractical for the individual members of the Proposed Class to individually seek redress for the wrongs done to them.  Plaintiffs believe that the Proposed Class, to the extent they are aware of their rights against Defendants, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of the individual injunctive relief.  Hence, a class action is the only feasible means of recover for the members of the Proposed Class.  Furthermore, without a class action, the Proposed Class will continue to suffer damages and Defendants will continue to violate federal law, retaining and reaping the proceeds of their wrongful marketing practices.

h.  Plaintiffs do not anticipate difficulty in management of this action because the evidence proving Defendants' violation of the TCPA is ascertainable through discovery.  The identities of the members of the Proposed Class are known to Defendants, and damages can be calculated from Defendants' records.  This action poses no unusual difficulties that would impede its management by the Court as a Class Action.

### COUNT ONE
(Violation of the Telephone Consumer Protection Act against All Defendants)
(47 U.S.C. 227 et seq)

37) Plaintiffs reallege all allegations heretofore set forth.

38) Defendants or their agents used a telephone facsimile machine, computer, or other device to send the Unsolicited Faxes to Plaintiffs and the Proposed Class.

39) The Unsolicited Faxes advertise the commercial availability of products or services in violation of the TCPA.

40) In each instance of transmission, Defendants transmitted or caused to be transmitted the Unsolicited Faxes to telephone machines themselves, or had a high degree of involvement in the transmission of the Unsolicited Faxes to Plaintiffs. For example:

    a. Defendants knew the Unsolicited Faxes were advertisements.

    b. Defendants participated in the preparation of the Unsolicited Faxes' content.

    c. Defendants provided toll free telephone numbers to be used as removal numbers placed at the bottom of the Unsolicited Faxes.

    d. Defendants provided or obtained the fax telephone numbers of Plaintiffs and the members of the Proposed Class.

    e. Plaintiffs and the Proposed Class do not have an established business relationship with any Defendant.

    f. Defendants knew that Plaintiffs and the Proposed Class had not authorized the transmission of the Unsolicited Faxes by prior express invitation or permission.

41) As a direct and proximate result of said conduct, Plaintiffs and the Proposed Class have sustained damages. Under the TCPA, Plaintiffs and each member of the Proposed Class are entitled to injunctive and declaratory relief enjoining Defendants' unlawful conduct, as well as incidental statutory damages.

42) As a result of said conduct, Plaintiffs and the Proposed Class suffered property damage, and Defendants have invaded their privacy.

**COUNT TWO**

(Declaratory Judgment against All Defendants)

43) Plaintiffs reallege all allegations heretofore set forth.

44) This count is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

45) A justiciable controversy exists between Plaintiffs and the Proposed Class and Defendants regarding the legality of Defendants' transmission of the Unsolicited Faxes.

46) Defendants claim that their conduct in sending the Unsolicited Faxes does not violate the TCPA.

47) Defendants claim, or may claim, that they obtained express invitation or consent to send the Unsolicited Faxes to Plaintiffs and the Proposed Class.

48) Defendants claim, or may claim, that they enjoyed an established business relationship with Plaintiffs and the Proposed Class.

49) Plaintiffs claim that Defendants' practices of broadcasting the Unsolicited Faxes violates the TCPA.

### COUNT THREE
(Civil Conspiracy against All Defendants)

50) Plaintiffs reallege all allegations heretofore set forth.

51) Defendants, including ABC Defendants, agreed among themselves to engage in a course of conduct involving a violation of the TCPA.

52) Defendants agreed to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages to Plaintiffs and the Proposed Class.

53) Plaintiffs and the Proposed Class have been damaged by the acts committed by Defendants pursuant to the civil conspiracy described above.

54) Defendants' conduct was intentional and premeditated, intended to unjustly benefit Digitalspeed, Pasternack and the companies whose stock and services are advertised on the Unsolicited Faxes at the expense of the Plaintiffs and Proposed Class, entitling Plaintiffs and the Proposed Class to punitive damages in an amount sufficient to deter these Conspirators and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000 each.

## COUNT FOUR
### (Aiding and Abetting against All Defendants)

55) Plaintiffs reallege all allegations heretofore set forth.

56) Defendants, including ABC Defendants, aided and abetted one another as follows:

    a. Digitalspeed and Pasternack violated the TCPA by broadcasting the Unsolicited Faxes to Plaintiffs and the Proposed Class;

    b. All Defendants knew the transmission of the Unsolicited Faxes violated the TCPA;

    c. All Defendants substantially assisted or encouraged the principal violators of the TCPA in the following non-exclusive actions:

        i. They provided the information in the Unsolicited Faxes;

        ii. The information in the Unsolicited Faxes was false;

        iii. They provided the opportunity to the principal violators to violate the TCPA;

iv. They sought the benefits of the Unsolicited Faxes, which are the increase in the price of the specific stocks and the compensation paid to the principal violators for broadcast of the Unsolicited Faxes

v. They accepted the benefits of the Unsolicited Faxes.

57) Plaintiff and the Proposed Class have been harmed by Defendants' aiding and abetting.

58) Defendants' conduct was intentional and premeditated, intended to unjustly benefit Digitalspeed, Pasternack and the companies whose stock and services are advertised on the Unsolicited Faxes at the expense of the Plaintiffs and Proposed Class, entitling Plaintiffs and the Proposed Class to punitive damages in an amount sufficient to deter these Conspirators and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000 each.

59) Defendants are responsible to Plaintiffs and the Proposed Class as aiders and abettors for the same amount of damages as the principal violators of the TCPA.

## REQUEST FOR TRIAL BY JURY

60) Plaintiffs request a trial by a jury on all issues triable by a jury.

## RELIEF SOUGHT

61) Plaintiffs pray for relief as follows:

a. For certification of the Proposed Class pursuant to FRCP 23;

b. For extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will not continue to send faxes in violation of the TCPA;

c.  For judgment in the amount of $500 for each member of the Proposed Class for incidental statutory damages for each individual Unsolicited Fax received from Defendants;

d.  For judgment in the amount equal to three times the damages to Plaintiffs and each member of the Proposed Class under the TCPA;

e.  For a declaration that Defendants violated the TCPA because they failed to obtain the express invitation or consent to send the subject facsimiles to Plaintiffs or the Proposed Class;

f.  For a declaration that Defendants violated the TCPA because they did not enjoy an established business relationship with Plaintiffs or the Proposed Class;

g.  For punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000;

h.  For judgment for costs and fees incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs, as provided by law;

i.  For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 14ᵗʰ Day of April, 2009

THE LAW FIRM OF PETER STROJNIK

By: Peter Kristofer Strojnik
Attorney for Plaintiffs