**THE STROJNIK FIRM LLC**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
*Eastern District of PA Pro Hac Vice Admission*
strojnik@skplaw.com
Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona Corporation; PETER STROJNIK, P.C., an Arizona Corporation; DAVID M. DEPINTO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania Corporation; ADAM H. PASTERNACK, an individual; SLINGSHOT TECHNOLOGIES CORPORATION, a Pennsylvania Corporation; ABC DEFENDANTS 1-50,<br><br>Defendants. | NO. 2:09-CV-1783<br><br>**CIVIL ACTION** |

### PLAINTIFFS' ANSWER TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Consumer Protection Corporation, Peter Strojnik, P.C., and David *Michael* Depinto, by and through undersigned counsel, hereby answer Defendants' Motion to Dismiss as follows: Defendants make no arguments in their Motion to Dismiss other than reference to the Federal Rules of Civil Procedure, and therefore, it constitutes a legal conclusion. As such, no responsive pleading is required. To the extent the Motion is deemed factual, the averments are

-1-

1. denied. However, Plaintiffs respectfully request this Court deny Defendants' Motion to
2. Dismiss. Plaintiffs support their request of denial with the below Brief in Opposition, which by
3. this reference is incorporated herein.

   RESPECTFULLY SUBMITTED this 20th Day of October, 2009.

4.
5.
6.
7.           THE STROJNIK FIRM LLC
8.
9.
10.          Peter Kristofer Strojnik
             Attorney for Plaintiffs
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona Corporation; PETER STROJNIK, P.C., an Arizona Corporation; DAVID M. DEPINTO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania Corporation; ADAM H. PASTERNACK, an individual; SLINGSHOT TECHNOLOGIES CORPORATION, a Pennsylvania Corporation; ABC DEFENDANTS 1-50,<br><br>Defendants. | NO. 2:09-CV-1783<br><br>**CIVIL ACTION** |

## **PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Consumer Protection Corporation, Peter Strojnik, P.C., and David Michael Depinto, by and through undersigned counsel, hereby submit the following Brief in Opposition to Defendants' Motion to Dismiss and Memorandum of Law. As an initial matter, Plaintiff Consumer Protection Corporation shall seasonably dismiss all claims against all Defendants.

**I. INTRODUCTION**

Defendants' first subject matter jurisdiction argument ignores the settled rule in the Eastern, Western and Middle Districts of Pennsylvania holding that diversity jurisdiction is appropriate under the Class Action Fairness Act (CAFA) in TCPA cases. See e.g. *Bell v. Money Resource Corp.*, No. 08-639 (E.D. Pa. 02/12/2009).

Defendants' second argument concerning the liability of Mr. Pasternack ignores the well-pled First Amended Complaint's allegations that Mr. Pasternack uses his two under-funded and

insolvent corporations to conduct illegal fax blasting activities while he reaps the pecuniary benefits and simultaneously avoids FCC and civil liability.

Defendants next argue that aiding and abetting and conspiracy claims allegedly cannot be part of a TCPA action. In support of this erroneous proposition, Defendants cite to *Central Bank of Denver, infra,* in which the Court prohibited an aiding and abetting claim with a violation of §10(b) of the Securities and Exchange Act. This fallacious argument has no merit because (i) the TCPA is a statutory tort; and, (ii) statutory torts carry with them the general common law tort rules even if Congress did not expressly permit conspiracy and aiding and abetting in the statute. See, e.g. *Meyer v. Holley*, 537 U.S. 280 (2003).

Defendants next argue that David *Michael* Depinto has no standing, but it is patently clear that Defendants are unaware that David *Michael* Depinto has been referred to by his middle name "<u>Mike</u>" since childhood, Mr. Depinto is the prinicipal user of the fax machine, he pays for the facsimile number, he is the principal bread winner where the facsimile machine is housed, and he was the person who physically received the fax at issue.

Defendants' final argument must swiftly be denied as Plaintiff adequately demonstrated in ¶¶15-26 that Defendants sent the faxes to Plaintiffs, the faxes advertise for purchase certain products and services, and no Plaintiff has any relationship, business or otherwise, with any Defendant.

## II. <u>STATEMENT OF RELEVANT FACTS TO STANDING ARGUMENT</u>

Plaintiff David *Michael* Depinto has been using his middle name "Mike" as his first name since childhood. *See,* Decl. of Mike Depinto (Exhibit 1). Mr. Depinto and his wife, Brigitte Depinto, are the sole occupants at their home in Glendale, Arizona. *Id*. At Mr. Depinto's home

there is a fax machine with the number 623-934-9029. *Id*. Mr. Depinto is the principal user of the fax machine at the home where he conducts real estate business. *Id*. The billing statements from Cox Communications are addressed to Mrs. Depinto, but Mr. Depinto is the payor on the account. *Id*.

## III. ARGUMENT AND SUPPORTING LAW

### A. The Eastern District of Pennsylvania Expressly Permits Jurisdiction in TCPA Cases Based On the Class Action Fairness Act

The Eastern District of Pennsylvania has expressly held that the Class Action Fairness Act (CAFA) confers diversity jurisdiction over TCPA claims so long as it is adequately pled. In *Bell v. Money Resource Corp.*, No. 08-639 (E.D. Pa. 02/12/2009), the Court addressed Defendants' erroneous proposition that in light of *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998), a federal district court in Pennsylvania <u>allegedly</u> cannot exercise diversity of citizenship jurisdiction. In swiftly denying Defendant's arguments, the Court held:

> The ErieNet decision, however, did not address the question of whether diversity jurisdiction over TCPA claims can exist, and numerous courts have found that the absence of federal question jurisdiction does not preclude a federal court from hearing TCPA cases founded upon diversity jurisdiction. See, e.g., US Fax Law Ctr., Inc. v. iHire, Inc., 476 F.3d 1112, 1118 (10th Cir. 2007) ("Because there is not express congressional intent to preempt diversity jurisdiction, and because the diversity jurisdiction statute and the TCPA are not irreconcilable, the district court erred in finding that Congress intended to preclude federal diversity jurisdiction over TCPA claims"); Gottlieb v. Carnival Corp., 436 F.3d 335, 343 (2d Cir. 2006) ("Having considered the statute's text, structure, history and purpose, we conclude that Congress did not intend to divest the federal courts of diversity jurisdiction over private causes of action under the TCPA"). In other words, **although TCPA does not confer federal courts of diversity jurisdiction over private causes of action, nothing in the statute prevents a TCPA claim from being litigated in federal court where some other statute, such as CAFA [(referring to the Class Action Fairness Act)], confers subject matter jurisdiction**. See, e.g. Watson v. NCO Group, Inc., 462 F. Supp. 641, 647 (E.D. Pa. 2006) ("This Court is convinced that diversity of citizenship remains a viable means to establish subject

matter jurisdiction over a TCPA claim.  To conclude otherwise would create the anomaly in which a plaintiff asserting state law claims for abusive phone practices could bring those claims in federal court based on diversity, while plaintiff's parallel TCPA claim could only be filed in state court." (citing Gottlieb, 436 F.3d at 342)); Clean Air Council v. Dragon Int'l Group, 2006 U.S. Dist. LEXIS 52292, at \*12 (M.D. Pa. July 28, 2006) (**finding that, in the case of a TCPA class action, "CAFA provides an independent basis for jurisdiction"**)…

(emphasis supplied)

In *Dragon Int'l Group*, the Middle District of Pennsylvania addressed the issue of whether a federal district court has federal question or diversity jurisdiction over a class action TCPA claim.  In declining to address the federal question jurisdiction argument, the Court stated "[w]e need not address this argument because **CAFA provides an independent basis for jurisdiction**."  *Dragon Int'l Group*, 2006 U.S. Dist. LEXIS 52292 at \*12 (emphasis supplied); *Gottlieb*, 436 F.3d at 339.  The Court concluded:  "Hence, **we find jurisdiction here under CAFA**."  *Dragon Int'l Group*, 2006 U.S. Dist. LEXIS 52292 at \*13 (emphasis supplied).

Here, Defendants focus on the misapplication of authority in other Circuits and fail to recognize the controlling law in the Eastern, Middle and Western Districts of Pennsylvania that hold CAFA provides an independent basis of jurisdiction in a class action TCPA claim.  Plaintiff sufficiently pled the requirements of CAFA.  At least one defendant and one plaintiff reside in different states, e.g. David M. Depinto (Arizona) and Slingshot Technologies Corporation (Pennsylvania).   Plaintiff adequately pled the amount in controversy exceeds $5,000,000.  Compl. at ¶12.  This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act.

**B. Mr. Pasternack Commits Illegal Fax Blasting Activities Under the Guise of His Underfunded and Insolvent Corporations While Personally Reaping the Benefits of the Criminal Enterprise and Avoiding Personal FCC and Civil Liability**

"In deciding whether to pierce the corporate veil, courts are basically concerned with determining if equity requires that the shareholders' traditional insulation from personal liability be disregarded and with ascertaining if the corporate form is a sham, constituting the façade for the operations of the dominant shareholder." *Wheeling-Pittsburgh Steel Corp. v. Intersteel, Inc.*, 758 F. Supp. 1054, 1057 (W.D. Pa. 1990); *Carpenters Health & Welfare Fund v. Kenneth R. Ambrose, Inc.*, 727 F.2d 279 (3d Cir. 1983). Alter ego is a "tool of equity [that] is appropriately utilized 'when the court must prevent fraud, illegality or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from public liability for a crime.'" *Id*. at 284 (quoting *Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1069 (3d Cir. 1979)) (internal quotation omitted). The factors courts review to determine whether the corporate veil should be pierced include:

> Failure to observe corporate formalities, non-payment of dividends, insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant shareholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders.

*United States v. Pisani*, 646 F.2d 83, 88 (3d Cir. 1981).

The Courts also consider <u>undercapitalization</u>. *Id*. Here, Plaintiff adequately pled an alter ego theory as it is applies to Mr. Pasternack. Plaintiff avers that Mr. Pasternack is the sole owner of Digitalspeed and Slingshot, and he uses these entities to illegally mass broadcast faxes to consumers across the Country. Compl. at ¶28, 31(a). Plaintiff avers that Digitalspeed and Slingshot are undercapitalized and unable to meet their financial responsibilities and debts, and that they are both insolvent. *Id*. at ¶31(b)(c). Plaintiff avers that Mr. Pasternack siphons funds

from Digitalspeed and Slingshot. *Id*. at ¶31(d).  Finally, Plaintiff avers that Mr. Pasternack uses the cover of Digitalspeed and Slingshot to avoid FCC liability and civil liability such that their operations "are merely a façade for the operations of Pasternack…" *Id*. at ¶31(e).  Indeed, the alter ego theory is made for persons such as Mr. Pasternack who creates companies to conduct illegal activities while keeping them under-funded.  Meanwhile, Mr. Pasternack avoids FCC and civil liability and enjoys the pecuniary benefits of the illegal fax blasting enterprises.

### **C. The TCPA Is a Statutory Tort; Statutory Torts Carry With Them General Tort-Related Rules Such As Aiding/Abetting, Conspiracy and Vicarious Liability**

The only court to address whether or not aiding and abetting liability (not conspiracy) can be alleged in a TCPA cause of action is *Baltimore-Washington Telephone Company v. The Hot Lead Company, LLC*, 584 F. Supp. 2d 736 (D. Md. 2008) ("It appears that no court has yet passed on the question of whether the Telephone Consumer Protection Act encompasses a cause of action for aiding and abetting").  Respectfully, the *Baltimore-Washington* analysis was uninformed and ignored that the TCPA is in fact a statutory tort and therefore carries with it the general tort-related rules.  The Court in *Baltimore-Washington* stated:  "Plaintiff is not alleging that Defendants aided and abetted the commission of a tort.  The allegation is that Defendants aided and abetted a statutory violation, which calls for a different analysis." *Id.* at 745.  As such, the Court analyzed whether aiding and abetting is permitted pursuant to the *Central Bank of Denver Court*'s statutory construction analysis, which held that aiding and abetting causes of action could not attach to violations of § 10(b) of the Securities and Exchange Act.  It is clear the plaintiff in the *Baltimore-Washington* decision failed to adequately brief and bring to the

Court's attention the fact that <u>statutory torts such as the TCPA carry with them general tort-related rules</u>.

It is well-settled that the TCPA is a tort. See, e.g. *Landsman & Funk, P.C. v. Skinder-Strauss Associates*, No. 08-3610 (D.N.J. 06/30/2009) ("Landsman has correctly posited that claims under the TCPA sound in tort"). Furthermore, the TCPA is a statutory tort that carries with it general tort-related rules. See, *Meyer v. Holley*, 537 U.S. 280, 285 (2003) ("When Congress creates a tort action, it legislates against a legal background of ordinary tort-related … rules and consequently intends its legislation to incorporate those rules"). Therefore, Congress need not create aiding/abetting and conspiracy language within the TCPA tort.

### **D. David *Michael* DePinto Is a Household Member That Received The Facsimile**

Defendants make the argument without any evidence that Mrs. Depinto is the alleged registered owner of the fax number 623-934-9029, and therefore, Defendants argue that Plaintiff David *Michael* Depinto allegedly did not suffer a personalized injury. In support of this argument, Defendants state that the "only listed household members are a Michael Depinto, Sr. and Mike Depinto." *See*, Doc. 20 at 14. In fact, the household member "Mike Depinto" is Plaintiff as that is how he has been referred since he was a small child. The other alleged household member is Mike Depinto's father, who <u>does not</u> reside at the home. Furthermore, Mike Depinto is the principal user of the fax, he physically picked up the fax at issue, and he pays for the facsimile number. The mere fact that Mrs. Depinto handles the ordering of utility, cable and telephone services for the marital home does not de-personalize Mr. Depinto's injury. Should the Court not find this argument persuasive, Mrs. Depinto has made it known she would be happy to substitute in as plaintiff.

**E. Plaintiffs Have Adequately Pled a Violation of the TCPA**

The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. prohibits the sending of unsolicited facsimile advertisements to those persons/entities with whom the sender does not have an established business relationship.

Defendants argue that Plaintiff's complaint allegedly does not meet Rule 8 standards pursuant to *Twombly* because the "allegations [allegedly] in ¶¶15-26 do not go beyond a 'formulaic recitation.'" *See*, Doc. 20 at 14. This argument is difficult to comprehend and has no merit as ¶¶15-26 adequately demonstrate that the three defendants sent the faxes at issue, that the faxes were advertisements advertising for purchase discount vacations, stock, companies, etc., and that Plaintiffs have absolutely no relationship, business or otherwise, with any of the Defendants. Paragraphs 15-26 mean what they say, and they are clear and adequately notice all Defendants.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests Defendants' Motion be denied.

RESPECTFULLY SUBMITTED this 20th Day of October, 2009.

THE STROJNIK FIRM LLC

Peter Kristofer Strojnik
Attorney for Plaintiffs